**UNITED STATES, Appellee,**

v.

**Joseph V. WOLZOK, Jr., Private First Class, U.S. Army, Appellant.**

**No. 29,753.**

U. S. Court of Military Appeals.

July 18, 1975.

---

10. *United States v. Montague,* 22 U.S.C.M.A. 495, 47 C.M.R. 796 (1973).

*Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera,* and *Captain Anthony J. Siano* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner,* and *Captain John R. Erck* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

At trial, the accused moved for dismissal of the charges asserting that he had been denied a speedy trial as a result of his 103 days' pretrial confinement. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). Appellant now challenges the correctness of the military judge's ruling denying his motion to dismiss. Resolution of the question essentially turns upon whether a 5-week period of inactivity in bringing the accused to trial qualifies as an extraordinary circumstance sufficient to overcome the *Burton* presumption. *United States v. Pyburn,* 23 U.S.C.M.A. 179, 48 C.M.R. 795 (1974); *United States v. Reitz,* 22 U.S.C.M.A. 584, 48 C.M.R. 178 (1974); *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

Government counsel maintain that the 5-week delay is attributable to the accused since one of his former civilian defense counsel requested a continuance. The defense counters stressing that it is "grossly unjust" to charge appellant with the delay which resulted from the actions of a third party who no longer had authority to act in the accused's behalf.

The stipulated testimony offered at trial best illustrates the factual situation:

| | |
|---|---|
| January 31 | Appellant placed in pretrial confinement. |
| February 2 | Appellant retains Mr. Mundy of Bellen law firm to represent him. |
| March 30 | Mr. Mundy leaves Bellen firm to join O'Haire firm. |
| April 2 | Appellant discharges Bellen firm during a personal interview with Mr. Bellen at the stockade. No actions by Bellen firm on behalf of appellant authorized after this date. |

| | |
|---|---|
| April 3 | Appellant retains Mr. Mundy of O'Haire firm to represent him; Mr. Mundy so advises the staff judge advocate by letter. |
| April 4 | Mr. Bellen turns over appellant's case file to Mr. Mundy. |
| April 6 | Mr. Bellen dockets appellant's case for trial on May 14 and accepts responsibility for delay from April 6 to May 14. |
| April 6–9 | Trial counsel advises Mr. Mundy of Bellen continuance request; Mr. Mundy "would not agree to any delay like that;" Mr. Mundy and trial counsel resolve counsel issue. |
| April 9 | Trial counsel advises military judge of the need for a hearing to resolve the counsel question. |
| April 11 | Military judge indicates he cannot schedule a hearing because of previous court commitments. |
| April 13 | Mr. Bellen advises trial counsel that he no longer represents appellant. |
| April 17 | Chief of military justice attempts to docket case for last week in April. |
| April 18 | Chief of military justice advises Mr. Mundy that he wishes to set a trial date "any time after 1 May." |
| April 19 | Mr. Mundy advises prosecution that "he would be prepared for any trial date in May." |
| May 14 | Date of trial. |

In an opinion affirming the ruling of the trial judge, the U.S. Army Court of Military Review concluded that the trial judge, although aware of a problem as to representation, was never apprised by Mr. Mundy

that the accused desired a trial date earlier than that previously scheduled by Mr. Bellen. *United States v. Wolzok,* 49 C.M.R. 762, 764 (A.C.M.R.1974). Our reading of the stipulated testimony suggests that the military judge also must share responsibility for the breakdown in communication for he failed to schedule a requested hearing to consider the matter of counsel. Furthermore, the testimony of the chief of military justice clearly indicates that on April 17, he notified another general court-martial judge in the same jurisdiction of the government's desire to reschedule the accused's case for trial in late April. Thus, it cannot be said that, after April 17, the trial judiciary was operating under the mistaken assumption that the Bellen continuance remained effective.

█ In *United States v. Marshall, supra* at 434, 47 C.M.R. at 412, we enumerated several extraordinary circumstances justifying a delay beyond 90 days. Among these was delay resulting from circumstances "beyond the control of the prosecution." *Accord, United States v. Driver,* 23 U.S.C. M.A. 243, 245, 49 C.M.R. 376, 378 (1974). Although many, if not all, Army court-martial jurisdictions now assign docketing responsibility to a docketing judge rather than an attorney in the staff judge advocate's office,[1] we do not view this administrative change as a rational basis for relieving the government of its obligation to bring the accused to trial in a timely manner.

█ Within 3 days of Mr. Bellen's request for a continuance, the prosecution was on notice that he no longer represented the accused and that Mr. Mundy "would not agree to any delay like that." Four days later, Mr. Bellen himself advised the trial counsel that he no longer represented Private Wolzok. We believe the trial counsel had an obligation to bring this information to the attention of the docketing judge after the attempt to schedule a hearing to resolve the matter proved fruitless. In so stating, we wish to caution trial judges to

---

1. Department of the Army Pamphlet No. 27–9, Appendix 8, Uniform Rules of Practice and

Procedure before Army Courts-Martial 31 and 33 (Jan. 9, 1973).

avoid situations, such as occurred in this case, in which a trial ruling requires that a judge pass upon the effect of his own previous actions. Regarding this matter, we concur fully with the views expressed in *United States v. Cardwell,* 46 C.M.R. 1301 (A.C.M.R.1973).

■ We conclude that the maximum period of time "beyond the control of the prosecution" was at most 7 days, from April 6 to April 13, which does not reduce the government's period of accountability below the 90-day *Burton* standard.

■ Government counsel also contend that the defense must shoulder the docketing delay during the latter part of April and early May since Mr. Mundy acquiesced in scheduling the trial for any available date in May. Again the question is whether the prosecution or defense must bear the responsibility for docketing delays for, as we held in *United States v. Reitz, supra* at 585, 48 C.M.R. at 179, mere defense acquiescence in a trial date is not the equivalent of a request for continuance which would relieve the government of its accountability.

■ Unlike civilian practice where criminal courts have continuing jurisdiction, general courts-martial do not exist until they are convened by a convening authority. Article 22, Uniform Code of Military Justice, 10 U.S.C. § 822. It follows that the primary responsibility for providing a forum in which to try the accused must rest with the convening authority rather than the military judge. Docket delays result when the convening authority fails to convene sufficient courts-martial to handle the cases he has referred to trial. Under such circumstances, we do not believe that docket delays can be termed an extraordinary circumstance or a condition beyond the control of the prosecution which would relieve the government of its obligations under the *Burton* standard.[2] In essence, a crowded docket is evidence of nothing more than a manpower shortage which was one of a

number of factors we took into account in establishing the 90-day standard. *United States v. Marshall, supra.*

The decision of the U.S. Army Court of Military Review is reversed. The findings of guilty and sentence are set aside, and the charges are ordered dismissed.

---

2. Despite the differences in civilian and military criminal practice, at least one civilian jurisdiction has termed docket delays a "neutral reason" which still must be charged against the prosecution. *United States v. West,* 164 U.S. App.D.C. 184, 504 F.2d 253 (1974). *See also* Speedy Trial Act of 1974, 18 U.S.C. § 3161(h)(8)(C).