UNITED STATES, Appellee,

v.

Robert JOHNSON, Specialist Four, U.S. Army, Appellant.

No. 30,917.

U. S. Court of Military Appeals.

Feb. 27, 1976.

Captain John M. Nolan argued the cause for Appellant, Accused. With him on the brief were Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, and Captain Michael R. Caryl.

Captain William C. Kirk argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Donald W. Hansen and Major John T. Sherwood, Jr.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Convicted by a general court, pursuant to his pleas, of larceny and housebreaking,[1] the appellant submits that his conviction must be set aside and the charged offense dismissed because he was denied his right to a speedy trial. United States v. Burton, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). He was placed in pretrial confinement on August 24, 1974, and his trial did not commence until December 6, 1974—104 days later. However, at all levels below, the conclusion has been reached that there existed a period of defense-requested delay sufficient to lower the number of days attributable to the Government so as to make the Burton presumption inapplicable. United States v. Driver, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). We disagree.

The critical period is from September 18 to October 9. On September 10, Major Hamlette, who 4 days earlier had been appointed to investigate the charges against the appellant and two co-accused in accordance with Article 32, UCMJ,[2] informed Captain Evans, the appellant's detailed defense counsel, that he intended to hold the joint hearing on September 18. Captain Evans said that he would be unavailable because he intended to go on leave September 17 and indicated that he wished to have the hearing when he returned on October 2.

At this point, Captain Evans approached Captain Ottmer of the local staff judge advocate's office, who later became the trial counsel at the appellant's court-martial. The latter informed Captain Evans that the hearing would not be delayed in his absence because the Government desired to hold a joint investigation hearing for the appellant and his two co-accused. Captain Evans, therefore, indicated that he would return from leave in order to take part in the hearing on whichever date Major Hamlette scheduled it.

Captain Evans did go on leave on September 17. He was in contact with his office on each of the next 3 days. On one of those occasions he was advised that Major Hamlette had scheduled the hearing for September 25, but that it had been postponed until October 2 at the request of Captain Kaplan, defense counsel for one of the other accused. Captain Evans indicated to his office his satisfaction with this arrangement and continued on leave as planned. Subsequently, however, the hearing again was postponed—this time until October 9—to satisfy the desires of counsel for the third accused. The hearing was held on that date.

1. Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930.

2. 10 U.S.C. § 832.

██ In *United States v. Driver, supra,* we held:[3]

Although the Court of Military Review may be correct in holding that not every defense request for delay should be chargeable to accused, this exclusion does not apply when a continuance or delay is granted solely for the convenience and benefit of the accused. This determination is confirmed by the opinion in *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973) . . . . Rather, as set out above, continuances or delays granted only because of a request of the defense and for its convenience are excluded from the . . . [90-day] period.

We are unconvinced that the period of time between September 18 and October 9 properly is attributable to this appellant[4] as defense-requested delay. Despite Captain Evans' expressed desire to delay the hearing until he returned from leave, he was advised in no uncertain terms that this would not be done because the Government intended to hold a joint hearing for the appellant and his co-accused. While Captain Kaplan testified that his request for postponement until October 2 was because he knew that Captain Evans would be on leave until that date, he also indicated that he did not so inform Captain Evans nor was the request at his behest. Thus, the record indicates that the delay from September 18 until October 2 was not at the urging of Captain Evans,[5] who stood ready and willing to come in from leave on whichever date the hearing was scheduled in order to participate therein.[6]

██ Further, there is no question that the delay from October 2 until October 9 cannot be attributed to this appellant. It was the Government which insisted on a joint hearing.[7] In that event, it cannot attribute to one accused the delay occasioned at the request of another when the former does not join therein. Major Hamlette testified that each time one of the other defense counsel requested a delay he was advised that all three agreed thereto. Thus, while Major Hamlette may have acted in good faith on each occasion, as opined by the Court of Military Review, it appears also to have been blind faith, for in fact they all did not concur. We believe that such an officer has incumbent upon him the responsibility to assure himself under such circumstances that it is, in fact, the desire of all participating accused to delay. Major Hamlette's good faith cannot act in law to the request of Captain Kaplan and may not be construed as a request on Captain Evans' part for a continuance. *United States v. Wolzok,* 23 U.S.C.M.A. 492, 50 C.M.R. 572, 1 M.J. 125 (1975). *See United States v. Reitz,* 22 U.S.C.M.A. 584, 48 C.M.R. 178 (1974).

---

3. 23 U.S.C.M.A. at 245, 49 C.M.R. at 378.

4. In instances of multiple accused in which the Government elects to join the proceedings, the question of unlawful pretrial delay must be examined as to each accused separately, and only those delays attributable to an individual accused for his "convenience and benefit," as opposed to some nebulous concept of "the defense," may be charged against him.

5. Although the postponement to October 2 was what Captain Evans originally had sought, we believe that the expressed rejection of his request by Captain Ottmer, followed by Captain Evans' response that he was willing to come in from leave on any date to attend the hearing, together with the actual scheduling of the proceeding for September 25, dictates the conclusion that the delay to October 2 was the direct result of Captain Kaplan's request for same and in no way was the product of Captain Evans' wishes. Neither may this delay be laid to Captain Evans as the result of his expression to his office of satisfaction upon learning of the initial postponement, for this amounts to mere acquiescence in the delay already granted at

6. Captain Evans testified at trial that on prior occasions he had come in from leave in order to participate in Article 32 hearings, a fact of which Captain Kaplan was aware.

7. Apparently, the government was adamant in insisting that all three co-accused be the subject of the same Article 32 hearing, despite the indication even at that time that the three defense counsel did not intend to urge a common defense. While under proper circumstances the Government's election to combine proceedings is permissible, *see* ABA Standards, Joinder and Severance §§ 1.2, 2.3, 2.4, and 3.1 (1968), by doing so, the prosecution assumes the responsibility for the many pragmatic difficulties of dealing with multiple defense counsel and accused.

convert a delay not at this appellant's request into one which is nevertheless attributed to him.

The decision of the U.S. Army Court of Military Review is reversed. The findings and sentence are set aside and the charges are dismissed.

Chief Judge FLETCHER and Judge COOK concur.