**UNITED STATES**

v.

**Private (E-1) Kenneth W. HERRINGTON, 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, US Army, Company C, 62d Engineer Battalion (Construction), 13th Support Brigade, Fort Hood, Texas.**

**CM 432012.**

U. S. Army Court of Military Review.

Sentence Adjudged 21 May 1974.

Decided 29 March 1976.

Appellate Counsel for the Accused: CPT Michael R. Caryl, JAGC; CPT Edward E. Shumaker, III, JAGC; CPT John M. Nolan, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gregory M. Van Doren, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

At a trial by general court-martial, the appellant pleaded guilty to robbery and conspiracy to commit robbery and not guilty to attempted murder, rape and conspiracy to commit rape in violation of Articles 80, 81, 120 and 122, Uniform Code of Military Justice (10 U.S.C. §§ 880, 881, 920 and 922). He was found to be guilty of aggravated assault, rape, conspiracy to commit robbery, and robbery in violation of Articles 128, 120, 81 and 122, Uniform Code of Military Justice (10 U.S.C. §§ 928, 920, 881 and 922), and received the approved sentence set forth above.

The appellant through counsel alleges as error (1) that the appellant was denied his right to a speedy trial since he spent 98 days in pretrial confinement and the Government failed to meet its heavy burden of showing extraordinary circumstances justifying the delay; and (2) that the appellant was prejudiced by the trial counsel's improper and inflammatory argument before sentencing.

## I

The appellant was placed in pretrial confinement pending disposition of the charges against him on 12 February 1974. His trial commenced on 20 May 1974 some 98 days later. During the processing of the case, the trial defense counsel requested two periods of delay. The first concerned a 4-day delay in the second Article 32 investigation from 12 March 1974 to 15 March 1974, which is not in dispute. The second period of delay concerned the referral of the appellant's case to trial and is disputed by the litigants.

The appellant contends that his counsel requested the staff judge advocate to delay the presentation of the pretrial advice to the convening authority in order that the trial defense counsel could attach a brief to the pretrial advice requesting the convening authority to order a severance in the cases of the appellant and a co-accused and a request that the appellant's case be referred to trial as a non-capital case. The trial defense counsel's position sets forth that his request to the staff judge advocate was made on 2 April 1974 and his brief was filed on 5 April 1974 thus only 3 days were proper deductions on the second period of defense requested delay leaving the Government responsible for 91 days to trial. On the other hand, the Government's position was that the trial defense counsel initially contacted the staff judge advocate on 26 March 1974 and indicated a desire that the pretrial advice be delayed as he was

considering filing a request for a severance and to have the case referred as non-capital. The Government further alleges the pretrial advice was ready for presentation to the convening authority on 29 March 1974 and was delayed from that date until 5 April at the request of the trial defense counsel thus the second period of delay constituted 7 days and the total period of defense delay was 11 days reducing the Government's accountable processing time to 87 days. A stipulation of fact concerning the processing time in appellant's case was agreed upon by original counsel with the exception of the entry on 29 March 1974 and is reproduced as an addendum to this opinion.

In the case of *United States v. Hounshell*,[1] the United States Court of Military Appeals reviewed the legislative history of Article 10, UCMJ, and concluded that Article 10 reiterated the speedy trial guarantee of the Sixth Amendment to the Constitution.[2] The court further stated that the requirements of Article 10 are more rigorous.

In *United States v. Burton*,[3] the court held that in the absence of defense request for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. The court stated that the presumption once imposed, would place a heavy burden on the Government to show diligence and, in the absence of such a showing, the charges should be dismissed.

The court added a second caveat to its opinion and stated that when the defense requests a speedy disposition of the charges the Government must respond to the request and either proceed immediately to trial or show adequate cause for further delay. A failure to respond to the request for a prompt trial or to order such a trial may justify extraordinary relief.

 Here, the evidence contained in the record of trial convinces us as a matter

1. *United States v. Hounshell*, 7 U.S.C.M.A. 3, 21 C.M.R. 129 (1956).

2. United States Constitution, Amendment VI.

3. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

of fact that the trial defense counsel discussed his consideration of a request for delay with the staff judge advocate prior to the 29th of March 1974. We further find that the staff judge advocate was prepared to present the pretrial advice concerning the appellant's case to the convening authority on 29 March 1974 and delayed taking that action pursuant to the expressed desires of the trial defense counsel.[4] Accordingly, the period of 29 March 1974 through 4 April 1974 is chargeable as defense delay and the Government's processing time is reduced to 87 days. The presumption noted above was not triggered.

However, our inquiry in the area of speedy trial does not end here. We are also required to review the Government's processing of the appellant's case under the second facet of *Burton, supra*.

As heretofore noted, the United States Court of Military Appeals added a second caveat to their decision in *Burton, supra*, which required that when the defense requests speedy disposition of the charges, the Government must respond to the request and either proceed immediately or show adequate cause for further delay.[5]

Here, the trial defense counsel filed a request for speedy trial on 26 March 1974. The record is devoid of any response to that request by the Government.

■ It is never permissible for the Government to proceed in a leisurely fashion in the processing of any charges against an accused.[6] Where, the Government is on notice of a demand for trial, a close examination of the Government's diligence must be made.[7]

Here, the defense request for speedy trial was made on 26 March 1974. The period 29 March through 4 April was defense delay.

The staff judge advocate presented the pretrial advice to the convening authority on 5 April and the appellant's case was referred for trial on 8 April.

An Article 39(a) session before the military judge was convened on 18 April which resulted in the severance of the appellant's case from that of a co-accused. During the Article 39(a) session, the trial counsel advised the court that the Government would be prepared to try either the appellant or his co-accused on 25 and 26 April 1974. The appellant's trial defense counsel did not choose the earlier proposed trial date but remained silent and appellant's co-accused was scheduled for trial on 25 and 26 April. On 24 April 1974 a tentative trial date of 1 and 2 May was scheduled for the appellant's case. On 30 April, the Government was informed a military judge would not be available from 1 May until 16 May. Finally, the appellant's trial commenced on 20 May 1974.

■ Brief periods of inactivity in an otherwise active prosecution are generally not considered unreasonable or oppressive. The touchstone for measurement of compliance with the Code is not constant motion but reasonable diligence in bringing the charges to trial.[8]

Here, we find that the Government acted in all respects diligently until May 1974. As noted above, delays from that date until the commencement of the trial was the result of the absence of the military judge attending a judicial conference.

■ The obligation to proceed with dispatch is solely that of the Government. The absence of or inability to provide a military judge to expeditiously try the ap-

---

4. It would behoove all trial defense counsel and staff judge advocates to make memorandums for record of all conversations pertaining to requests for continuances. In addition, staff judge advocates should not consider verbal requests for delays in pretrial processing but require all such requests to be in writing and included with the record of trial.

5. *United States v. Burton, supra*. See also *United States v. Johnson*, 23 U.S.C.M.A. 397, 50 C.M.R. 279, 1 M.J. 101 (1975).

6. *United States v. Johnson, supra.*

7. *Id.* at page 283, 1 M.J. 101.

8. *United States v. Tibbs*, 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965).

pellant's case rests with the convening authority.[9]

Accordingly, the Government's failure to provide a trial forum for the appellant until 20 May clearly indicates a lack of diligence in processing the appellant's case.

■ Violations of the second facet of the *Burton* rule do not automatically result in dismissal of the charges.[10] The determination of an appropriate remedy depends upon the circumstances in each individual case.[11]

■ Here, the charges were by their character extremely serious. The Government's prosecution was essentially diligent until the final phase. The Government's inability to provide a military judge at the appropriate time was not caused by bad faith or negligence but rather a misunderstanding of availability of military judges. Accordingly, we believe reassessment of the sentence will cure any prejudice flowing from this error.

## II

The appellant next contends that he was prejudiced by the argument of the trial counsel on sentence. He asserts, and is supported by the record that after giving a spirited argument to the jury urging a severe sentence, the trial counsel concluded by stating: "Did you hear him [accused] at any one time tell you that he was sorry for the offenses he committed? Did you see him demonstrate even one iota of remorse for what he had done?" (R. 567–568).

The appellant had testified under oath prior to findings. However, he did not take the stand in extenuation and mitigation of punishment. The trial defense counsel did not object to the comments of the trial counsel nor did the military judge see fit to give a *sua sponte* instruction concerning the quoted comment.

■ Normally, failure to make a timely objection to the comments of the trial counsel where the harmful effects of such comments can be ameliorated by prompt instructions, raises the doctrine of waiver and precludes an accused from asserting a claim of error on appeal unless the error is so flagrant as to charge the military judge with a duty to stop the discourse *sua sponte*.[12]

■ Here, we believe the comment of counsel was generally improper. In addition, we note the investigating member of the CID command testified that the appellant has shown relief when he learned that the victim of those offenses was going to make a full recovery. Although not related to a specific showing of remorse concerning the offenses, the appellant nevertheless showed some concern for his victim. The comment of counsel was not only improper but not entirely true.

However, we do not find that this error was so flagrant that the military judge was required to give a *sua sponte* instruction.

Accordingly, we find that trial counsel's comment was error. However, it was waived. In addition, we find that the appellant did not suffer any prejudice resulting from such comment.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for six years, and forfeiture of all pay and allowances.

Senior Judge BAILEY and Judge COOK concur.

9. *United States v. McClain*, 23 U.S.C.M.A. 453, 50 C.M.R. 472, 1 M.J. 60 (1975). *See also United States v. Wolzok*, 23 U.S.C.M.A. 492, 50 C.M.R. 572, 1 M.J. 125 (1975) and *United States v. Sawyer*, 47 C.M.R. 857 (N.C.M.R. 1973).

10. *United States v. Johnson*, footnote 6, *supra*.

11. *Id*.

12. *United States v. Nelson*, 24 U.S.C.M.A. 49, 51 C.M.R. 143, 1 M.J. 235 (1975); *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974); *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956).

COPY OF
STIPULATION OF FACT

| | |
|---|---|
| 11 Feb 74 | Offenses occurred. |
| 12 Feb 74 | Accused placed in pretrial confinement. |
| 14 Feb 74 | Charges sworn. |
| 14 Feb 74 | Accused informed of charges against him. |
| 14 Feb 74 | Charges forwarded by Company Commander to Battalion Commander. |
| 14 Feb 74 | Charges forwarded by Battalion Commander to Brigade Commander. |
| 15 Feb 74 | Article 32 Investigation Officer appointed. |
| 19 Feb 74 | Article 32 Investigation held. |
| 20 Feb 74 | Article 32 Investigation report completed. |
| 21 Feb 74 | Charges forwarded by Brigade Commander to III Corps Commander. |
| 25–26 Feb 74 | File examined by Chief of Military Justice. |
| 27 Feb 74 | Recommendation made to Deputy Staff Judge Advocate and Staff Judge Advocate that file be returned for investigation of possible additional charges. |
| 28 Feb 74 | Indorsement, returning file to Brigade Commander for investigation of possible additional charges, initially drafted. |
| 29 Feb 74 | Draft of Indorsement submitted to Deputy Staff Judge Advocate and Staff Judge Advocate for approval. |
| 4 Mar 74 | Draft of Indorsement put in final form. |
| 5 Mar 74 | Charges returned to Brigade Commander for inquiry into possibility of additional charges. |
| 5 Mar 74 | Charges returned from Brigade Commander through Battalion Commander to accused's Company Commander for inquiry into possibility of new charges. |
| 7 Mar 74 | New charges sworn by Company Commander. |
| 7 Mar 74 | New charges forwarded by Company Commander to Battalion Commander. |
| 7 Mar 74 | New charges forwarded by Battalion Commander to Brigade Commander. |
| 11 Mar 74 | New charges referred to Article 32 Investigation. |
| 11 Mar 74 | Additional Article 32 Investigation scheduled for 14 March 1974. Earlier scheduling precluded because of medical appointments by witnesses. |
| 11 Mar 74 | Defense counsel requested delay of 32 Investigation to 15 March 1974. |
| 15 Mar 74 | Additional Article 32 Investigation held. |
| 15 Mar 74 | Article 32 Investigation report completed and submitted to Brigade Commander. |
| 18 Mar 74 | Brigade Commander forwards new charges to Commander III Corps. |
| 19 Mar 74 | New charges received in III Corps SJA office. |
| 20 Mar 74 | File examined by Chief of Military Justice. |
| 21 Mar 74 | Pretrial advice initially drafted. |
| 22 Mar 74 | Initial draft of pretrial advice typed and submitted to Deputy SJA. |
| 25 Mar 74 | Pretrial advice revised and submitted to SJA. |
| 26 Mar 74 | Defense submits demand for trial. |
| 27 Mar 74 | Pretrial advice typed in final draft and reexamined by Chief of Military Justice and Deputy Staff Judge Advocate. |
| 29 Mar 74 | Pretrial advice completed and ready for submission to Commanding General. |
| 2 Apr 74 | Defense submits formal written request for delay of presentation of pretrial advice to CG. |
| 3 Apr 74 | SJA formally grants defense request for delay. |
| 5 Apr 74 | Pretrial advice and defense brief submitted to CG. |
| 8 Apr 74 | Charges referred to trial. |
| 18 Apr 74 | 39(a) session held. Defense requested severance. Motion granted. Trial counsel indicates government prepared to go to trial on 25 and 26 April on one case or the other. Defense indicated that it would be ready to present Private Pasley's case on those days. |
| 24 Apr 74 | Trial of Private Herrington tentatively scheduled for 1 and 2 May 1974. |
| 25 and 26 Apr 74 | Trial of Private Pasley conducted. |
| 30 Apr 74 | Government informed that no military judge available to replace Colonel Martin during his period of absence from Fort Hood from 1 May through 16 May. |
| 16 May 74 | Trial set for 20 May. |