UNITED STATES

v.

Private E-2 Nelson J. JOHNSON, 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, U. S. Army, 45th Transportation Company APO San Francisco 96271.

CM 431489.

U. S. Army Court of Military Review.

Sentence Adjudged 31 Oct. 1973.

Decided 2 April 1976.

Appellate Counsel for the Accused: CPT Theodore H. Watts, JAGC; CPT LeRoy W. Robinson, Jr., JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William A. McNutt, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

The charges against appellant [1] were referred to a general court-martial for a joint trial with four co-accused. As he did at trial, appellant asserts on appeal that he was denied his right to a speedy trial. The Government concedes that appellant spent 106 days in pretrial confinement attributable to these offenses.[2] However, it contends that the rule and remedy announced in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), should not be applied.

Both facets of the *Burton* case are relevant here. Appellant was confined in excess of ninety days. In addition, he submitted demands for a speedy trial. The Government's arguments against dismissal all emanate from the fact that it was necessary to prosecute multiple accused for what it contends were serious and complex offenses.

Since our reading of *Burton* and its progeny reveals no automatic exception from application of that rule for joint trials, an examination of the facts is necessary to a proper resolution of this issue. On 20 September 1973, after appellant had been confined on these charges for 70 days, the trial counsel informed the military judge that the Government was ready to proceed with the case. On the first of October, appellant's detailed defense counsel, Captain Simmon, submitted a checklist to the military judge indicating that his intended motions included one pertaining to speedy tri-

---

1. Contrary to his pleas, appellant was convicted of disobedience of a superior commissioned officer, destruction of government property and riot in violation of Articles 90, 108 and 116, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 908 and 916.

2. The instant misconduct occurred in the stockade while appellant was incarcerated on charges which were never referred to trial.

al. The prosecution was also given notice and as a result began preparing a chronology.

An Article 39(a) session was scheduled for and held on 8 October 1973, the 88th day of confinement. This hearing was concerned primarily with attempts to resolve various problems relating to requests for individual counsel by two co-accused. The military judge received assurances that proper steps were being taken to resolve these matters. In addition, during this session appellant's attorney, Captain Simmon, requested to withdraw from representing one of the co-accused, Private Dickerson, as the result of a perceived conflict. New counsel was subsequently detailed for Dickerson with the concurrence of both the military judge and that accused. Before recessing the court pending determination of the various counsel requests, the military judge determined that appellant was satisfied with Captain Simmon's services and that he had no desire to request additional representation of any kind.

The Article 39(a) session was reconvened two days later on October 10th. At that time Private Dickerson's newly detailed counsel requested and was granted a continuance to familiarize himself with the case. Significantly, the trial counsel informed the military judge that the Government would have no objection to severance of Dickerson's case in order not "to hold up the trial of the other four."

At the hearing on October 10th, as at the first, the bulk of time and effort by the military judge was spent in determining the status of the requests of the other accused for individual counsel.[3] Of greater importance to us, however, is the fact that appellant's counsel indicated at this time that he was ready to proceed. Captain Simmon had previously submitted a written demand for immediate trial to the convening authority on 8 October. Therefore, he moved for severance in order to insure his client's right to a speedy trial. Captain Simmon argued that appellant had been in confine-

ment on these charges for ninety days and therefore he should not have to wait in the stockade indefinitely merely because the Government had chosen to try the accused jointly. The military judge declined to rule on appellant's motion to sever at this preliminary session. Instead he ordered that all motions by all counsel would be first submitted through the trial counsel to the convening authority. The judge indicated that he was merely deferring his ruling because, in his opinion, the proper time for such judicial determination had not yet arrived.

Pursuant to the judge's direction, appellant's counsel filed a second demand for trial with the convening authority that same day, 10 October. In this document Captain Simmon referred to the earlier request for trial and to the military judge's failure to grant his motion for severance. He further delineated appellant's wishes as follows:

> . . . Private Johnson again requests an immediate trial. If severance is necessary, Private Johnson requests a severance in order that he might be afforded his right to a speedy trial.

The convening authority denied both of appellant's motions. In his opinion the case was "proceeding at as expeditious a pace as possible, consistent with the preservation of the rights of all accused." As further justification he stated that a joint trial was "customary and proper" when a joint offense was charged.

When the court reconvened on the 23rd of October, it was revealed that the convening authority in the interim had withdrawn Private Dickerson's case and rereferred it to a special court-martial which was already completed. After being informed that another accused's requested counsel would not be available until mid-November, the trial judge granted that accused's motion for severance so that he could be represented by the attorney of his choice. The trial counsel did not object to this severance as

---

**3.** On this occasion another of the accused requested a defense counsel from Fort Riley, Kansas—a decision he announced for the first time that morning.

long as it was considered as defense requested delay for *Burton* purposes as to that accused.

The remaining accused, including appellant, were then arraigned. Immediately following arraignment, appellant renewed his speedy trial motion. Before denying the motion to dismiss, the military judge received evidence, entertained argument and noted for the record that none of the delay in the case was attributable to the lack of a military judge.

The Government's argument on appeal is essentially two-fold. First it contends that *Burton* should not apply as a full ninety days should not be charged to the Government. Relying upon the Speedy Trial Act of 1974 [4] and *United States v. Driver*,[5] appellate government counsel urge us to subtract 16 or more days from the conceded total of 106. These 16 plus days were delays caused solely by co-accused and for their benefit. Thus, they were clearly deductible under *Driver* as to those accused.

The gist of the Government's argument is that as the excludable delays make *Burton* inapplicable as to some accused, then *Burton* should also be inapplicable as to this accused, the appellant. The latter step in this reasoning requires this Court to adopt a rule similar to that contained in the Speedy Trial Act of 1974 which provides in pertinent part that a reasonable delay is excludable "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." [6]

The trouble with the Government's reasoning is that while the federal statute provides for an exclusion as requested here by the Government, we find no similar authority for such exclusion under our judicially created rule. The Government's argument would result in diminished speedy trial rights to accused in joint trials. This is contrary to paragraph 53c of the Manual for Courts-Martial, United States, 1969 (Revised edition), which provides:

In joint trials and in common trials each of the accused must in general be accorded every right and privilege which he would have if tried separately.

Since the choice of proceeding with this type of joint prosecution was left to the Government, and it went forward over appellant's objection, it must be charged with the consequences of that election. *United States v. Ward*, 23 U.S.C.M.A. 391, 50 C.M.R. 273, 1 M.J. 21 (1975).

As defense delays deductible under *Driver* do not include delays caused by co-defendants,[7] the accountable period of pretrial confinement will not be reduced below 90 days and *Burton* will apply. Therefore we must turn to the Government's second contention—that extraordinary circumstances were present here. Counsel for the Government urge that the *Burton* presumption was overcome in the instant case because of the necessity of prosecuting these serious and complex charges in Korea against multiple accused. It is our opinion that none of these circumstances can be deemed "extraordinary" within the ambit of *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

The nature of the offenses simply cannot save the Government here. First, the trial counsel informed the military judge that the prosecution was ready to proceed on 20 September—well within the 90-day limit. In addition, Private Dickerson's case was severed and tried after appellant's demands for trial, but well before his case was heard. Moreover, the fact that these events transpired in Korea did not materially contribute to the delay. *See United States v. Eaton*, 49 C.M.R. 426 (A.C.M.R.1974).

What did cause the speedy trial problem here was the fact that the Government persisted in its initial decision to hold a joint trial as to appellant and two co-accused while allowing severance of the cases

---

**4.** 18 U.S.C. § 3161, et seq.

**5.** 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974).

**6.** 18 U.S.C. § 3161(h)(7).

**7.** *See United States v. Johnson*, 1 M.J. 294 (February 27, 1976).

against two others. The two earlier severances negate any contention that a joint trial was essential. Moreover, the Government should have been aware from the outset that three trials were possible if the various accused selected different forums.[8]

Since one severance was made by the convening authority and another granted by the military judge without objection by the prosecution, the Government is now estopped from claiming any necessity inherent in a joint trial. A joint trial is not in and of itself an extraordinary circumstance. The facts of each case must be examined. Since the convening authority is charged with the burden of providing a forum consistent with appellant's right to a speedy trial (*United States v. Wolzok*, 23 U.S.C.M.A. 492, 50 C.M.R. 572, 1 M.J. 125 (1975)), appellant's case also should have been severed once he demanded trial. As the Court of Military Appeals has stated, once the accused urges a prompt disposition of the charges, "the Government [is] on notice that any delays from that point forward [are] subject to close scrutiny". *United States v. Johnson*, 23 U.S.C.M.A. 397, 401, 50 C.M.R. 279, 283, 1 M.J. 101, 106 (1975).

We, therefore, find no extraordinary circumstances sufficient to overcome the presumption of a violation of Article 10, Uniform Code of Military Justice. Moreover, we see no adequate cause or justification for delay in not proceeding to trial immediately after appellant's demands.

The findings of guilty and the sentence are set aside and the charges are dismissed.

Judges O'DONNELL and FELDER concur.

---

**8.** Severances by co-accused may be forced by requesting enlisted members on the court or by requesting trial by judge alone. These were not the reasons for the severances in this case, however.