UNITED STATES, Appellee,

v.

Private First Class Ronald A. CARROLL, 419–15–3852, United States Army, Appellant.

ACMR 9001835.

U.S. Army Court of Military Review.

25 Feb. 1992.

For Appellant: Major Peter V. Train, JAGC, USAR, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

JOHNSON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer members of rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant asserts that the trial counsel's reference, during argument on sentence, to the appellant's lack of remorse over the offense and his demeanor at trial were improper and amounted to plain error, requiring that the sentence be set aside. We disagree.

The trial counsel argued in pertinent part as follows:

What other aggravation have you seen here over the last two days? You saw

him get up and make an unsworn statement. He never said he was sorry. He never apologized. Not one single shred of remorse did the accused show you. Not one. Just think of the aggravation surrounding the factors of this rape. It was a violent crime. Not one.

And I would direct the court members to the accused [sic] demeanor in this courtroom over the last two days. To him, all this seems to be a big joke. For a violent crime like rape, a big joke. That's all it's been to him.

■ Trial defense counsel did not object to this argument. The appellant concedes that such failure to object waives the objection absent plain error. *United States v. McPhaul*, 22 M.J. 808, 814 (A.C.M.R.), *pet. denied*, 23 M.J. 266 (C.M.A.1986); R.C.M. 1001(g). In order to constitute plain error, the error must be obvious and substantial and it must have had an unfair prejudicial impact on the member's deliberations. *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986).

The challenged comments were made near the end of the trial counsel's argument during which he summarized evidence of a number of aggravating circumstances. These included the impact on the 19 year-old female victim (nightmares of being pursued by the appellant, nervousness when alone with men, diminished work performance, more withdrawn, undergoing counseling) who had been in the Army only eight months and who apparently trusted the accused; that the rape took place in barracks living quarters; that the accused had choked the struggling victim, had threatened to kill her, place her body in a car trunk and bury her; that after the rape he went out drinking and eating with friends as if nothing had happened; that he lied on the witness stand; and that his rehabilitation potential was limited in view of an

Article 15, UCMJ, punishment for absence without leave, and testimony that he was a below average soldier.

■ Considering first the comment regarding the appellant's lack of remorse, we find that it was not improper under the circumstances present here. It was not an attack on the failure of the appellant to admit guilt, as the appellant asserts, but rather a comment on the lack of evidence of remorse. The trial counsel's remarks were directed, properly, to the appellant's unsworn statement made during extenuation and mitigation, not to his sworn testimony on findings. Trial defense counsel did not object to the comment. And neither she nor the military judge thought that a curative instruction was necessary. The participants in the trial thus considered the argument to have minimal impact. *See United States v. Nelson*, 1 M.J. 235 (C.M.A.1975). This court has found in a similar case that comment on an accused's lack of remorse during sentencing argument was not error. *United States v. Kupchik*, 6 M.J. 766 (A.C.M.R.1978). The Air Force court recently reached the same conclusion. *United States v. Gibson*, 30 M.J. 1138 (A.F.C.M.R.), *pet. denied*, 32 M.J. 247 (C.M.A.1990).[1] We hold there was no error. Moreover, if error, it was not of the magnitude to require instruction, *sua sponte*, by the military judge. *See Kupchik*, 6 M.J. at 770; *Herrington*, 2 M.J. 807, 811. The impact of any error was minimized by the military judge's sentencing instruction that counsel's arguments are not evidence and that the members must base their sentence on the evidence presented at trial and the judge's instructions. Finally, since we fail to find any significant prejudice to the appellant, and in view of trial counsel's focus on far more serious matters in aggravation surrounding

---

1. We note that in an earlier case, *United States v. Herrington*, 2 M.J. 807 (A.C.M.R.1976), this court found trial counsel's comments regarding the accused's lack of remorse to be improper. *Herrington* is to be distinguished from our case. There, since the accused did not make a statement during the sentencing procedure, the trial counsel's remarks were directed *only* at the accused's testimony under oath prior to findings.

Additionally, the court there found that trial counsel's remarks were "not entirely true" regarding the accused's lack of remorse. However, the court also found that the error was not so flagrant as to require the military judge to give a curative instruction *sua sponte* and, further, that no prejudice resulted. It held that the error was waived when the defense failed to object at trial.

the rape, the comments as to lack of remorse were harmless and do not begin to approach the level of plain error.[2]

■ The appellant also urges that trial counsel's comment regarding the appellant's demeanor was error.[3] However, a witness' demeanor is evidence. *United States v. Felton*, 31 M.J. 526, 534 (A.C.M.R.1990). As such, it is not an improper subject of comment. Here, the trial counsel's remarks reflected an incident during his cross-examination of the appellant on findings:

Q. Okay, so what you're trying to tell this panel right here that you sworn [sic] to tell the truth, that this woman that you barely knew—that you were acquaintances with, was not in your unit, you had never dated before, you have never dated since, that this woman just walked in your room and threw herself on your bed and offered to have sex with you, is that what you're telling the panel today?

A. I'm saying—yes, ma'am, but I don't——

Q. I see you're laughing. Do you find that funny?

A. That's not a laugh ma'am. I'm trying to explain——

Q. Is that the story you're telling the panel today?

A. Can I explain, ma'am? I'm not laughing or anything.

The trial counsel's comment during argument that "all this seems to be a big joke"

to the appellant apparently was intended to remind the panel of this earlier exchange when the appellant appeared to be laughing. Presumably, trial counsel was attempting to persuade the panel that the appellant was not demonstrating appropriate seriousness over "all this," and to view that as aggravation. However, the appellant's demeanor on the witness stand was observable by the court members. They could decide for themselves whether he was laughing and, if so, what meaning should be given to it. Although the appellant denied he was laughing, trial counsel was not prohibited from drawing attention to the appellant's demeanor or characterizing it during argument. Under the circumstances, trial counsel's remarks were not so overreaching as to be unfair or to constitute error. Accordingly, the appellant's assertion of error is without merit.

■ The appellant also contends that the sentence, specifically the period of confinement, is inappropriately severe. After consideration of the seriousness and circumstances of the offense, and the matters in aggravation presented to the court members, mentioned earlier in this opinion, we find that the sentence adjudged by the panel and approved by the convening authority is appropriate.

We have considered the assertions personally made by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

---

2. Irrespective of our disposition of this issue, we would caution trial counsel who are tempted to raise an accused's lack of remorse in argument. The efforts of prosecutors should focus on attempting to persuade the factfinder with argument based upon the facts and the law of a case, for the court-martial must render its verdict solely on the basis of the evidence presented at trial. *See United States v. Clifton*, 15 M.J. 26, 29 (C.M.A.1983). Commenting upon something the accused has not said is risky for it seems to imply that the accused should have said something, or had an obligation to say something, which normally is never the case. It also tends to invite objection from the defense and, possibly, curative instructions from the trial judge. Senior Judge Murdock's views on this issue, concurring in the results of *Gibson*, 30 M.J.

1138, are well taken. The better practice, we believe, is to avoid altogether such comments on an accused's subjective emotions, unless of course the matter is raised first by the accused and invites appropriate rebuttal by the prosecution.

3. Although trial counsel's remarks seem intended to draw the panel's attention to the appellant's courtroom demeanor "over the last two days," nothing in her subsequent comments suggest that she was alluding to anything more than the alleged "laughing" episode which occurred during cross-examination of the appellant. Accordingly, taken in context, the words are viewed as referring only to the appellant's demeanor as a witness.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge GRAVELLE concur.