UNITED STATES, Appellee,

v.

Keith A. CRANEY, Private, U. S. Army, Appellant.

No. 29,460.

U. S. Court of Military Appeals.

Aug. 22, 1975.

*Captain John R. Osgood* argued the cause for Appellant, Accused. With him on the brief were *Major James Kucera* and *Captain Ronald Lewis Gallant.*

*Captain Richard S. Kleager* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain David A. Schlueter.*

## OPINION OF THE COURT

COOK, Judge:

On pleas of guilty, a military judge, sitting as a general court-martial without court members, convicted the accused of two specifications of communicating a threat and two charges of assault and battery, in violation of Articles 134 and 128, Uniform Code of Military Justice, respectively, 10 U.S.C. §§ 934 and 928. We granted review to consider whether the pleas of guilty to three of the four offenses should have been accepted.

 The form of the specifications indicated the accused had himself committed the offenses, but the judge's inquiry into the accused's understanding of the elements of the offenses established that the accused did not directly perpetrate the offenses but allegedly aided and abetted their commission by Private Hammie. Although an aider and abettor can properly be charged as a principal,[1] his criminal responsibility may differ from that of the perpetrator of the offense, if there is a difference between their respective purposes or intentions. MCM, paragraph 156; *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955). Consequently, when informed of the special basis for the accused's criminal liability, the trial judge was bound to inquire into the accused's understanding of the difference between a principal and his position as an aider and abettor and to determine that the actual extent of accused's involvement made him responsible for the offenses charged. As we pointed out in *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), the trial judge must question the accused "about what he did or did not do" and "what he intended." The judge recognized the need and examined the accused as to the particulars of his participation, but he failed to realize that the accused's account of his actions and purposes was inconsistent with the pleas of guilty as to the offenses in issue.

According to the charges, Privates White and Grubbs were each separately threatened and assaulted by the accused. Responding to questions by the judge about his role in these offenses, the accused maintained that the "only part . . . [he] participated in was" that he hit Grubbs. He stated that he went with Private Hammie to see White and Grubbs for the purpose of "collecting the money" from them that was "owed" to Hammie. The "reason" he went along was that White and Grubbs had been seen together earlier and if they were encountered together, the "two wouldn't jump on" Hammie. It turned out that they saw White and Grubbs separately. He heard Hammie threaten both White and Grubbs in the encounter with each, but he insisted he "didn't know none of this was going to happen" and he "didn't have no part" in the threats and "couldn't stop . . . [Hammie] from threatening." The accused admitted he was present when the threats were made, but when asked if this was "a part of . . . helping Hammie," he replied, "If you say so."

At one point, the accused said he "did help" Hammie, but that generalization did not negate the particularized denials of guilt in his account of what he anticipated Hammie would do and he himself did. The record, therefore, leaves substantial doubt that the accused knew and acknowledged that he shared the criminal purposes of Hammie and was, therefore, guilty as an aider and abettor of the crimes committed by Hammie. More importantly, as the record stands, the accused denied, rather than admitted, complicity in the offenses in issue. Consequently, his pleas of guilty to them should not have been accepted.[2]

---

1. Article 77, Uniform Code of Military Justice, 10 U.S.C. § 877; Manual for Courts-Martial, United States, 1969 (Rev.), appendix 6a, paragraph 9, at A6–2.

2. Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). *See United States v. Win-* *berly*, 20 U.S.C.M.A. 50, 53, 42 C.M.R. 242, 245 (1970), in which the accused admitted that he and a companion acted with the " 'express purpose of robbing . . . [the victim] of his car and money' ", and did not contend, as the accused here did, that he had no part in the

The decision of the Court of Military Review is reversed as to the findings of guilty of Charge I and its specifications and Charge II, specification 1, and the sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the court. In its discretion, the court may reassess the sentence on the basis of the findings of guilty of Charge II, specification 2, or remand the record of trial to the convening authority for further proceedings. A rehearing may be ordered on the specifications as to which the findings of guilty have been set aside and the sentence.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

fatal shooting of the victim that took place in the course of the robbery.