128

**UNITED STATES, Appellee,**

v.

**Gary R. CROUCH, Specialist Four, U.S. Army, Appellant.**

No. 38837.

CM 438503.

U. S. Court of Military Appeals.

June 8, 1981.

For Appellant: *Captain Dennis E. Brower* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Grifton E. Carden* (on brief).

For Appellee: *Captain Michael C. Chapman* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Captain Paul G. Thomson* (on brief); *Captain Brian X. Bush, Captain Charles A. Cosgrove.*

## OPINION OF THE COURT

COOK, Judge:

In accordance with his pleas, a general court-martial consisting of a judge alone convicted appellant of larceny and unlawful entry, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 9 months, total forfeitures, and reduction to the pay grade of E–1. The intermediate reviewing authorities affirmed the findings and sentence. We granted review (9 M.J. 176) to determine if the military judge conducted an adequate providency inquiry as required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

The issue is raised in the following context. During the providency inquiry, appellant acknowledged that he was performing guard duty when his roommate and a friend broke into a military motor pool. His roommate had advised him earlier of the intended offense and their purpose to remove government property; he, in turn, had told his roommate that he "wished they wouldn't" do it during his tour of duty. However, the two men arrived at the motor pool during appellant's watch and entered the premises without any interference from appellant. Appellant admitted that his duty position required that he prohibit such activity. Instead of fulfilling the requirements of his position, however, when a military policeman asked him about a van that was parked in the area, he told the police-

man that the van belonged to a friend who would be returning shortly. The van belonged to one of the men who broke into the motor pool. Fearing their discovery, the men decided to leave and have appellant report the breakin. Before this plan could be effected, however, the military police returned to the motor pool and the crime was discovered. Upon hearing the foregoing, the military judge advised appellant as follows:

MJ: Do you understand that when a person has a duty to prevent crime, and he merely sits by and watches it or takes no action to prevent it, that he is as guilty as the people who actually perpetrate that crime?

ACC: Yes, sir.

Appellant now claims that the military judge's advice was prejudicially deficient because it did not adequately define criminal responsibility as an aider and abettor. In *United States v. Craney*, 1 M.J. 142 (C.M.A.1975), this Court held that, where the issue is presented during the providency inquiry, a military judge should advise an accused of the difference between criminal responsibility as a principal and as an aider and abettor. The Court specifically cited *United States v. Care, supra*, in the following manner:

As we pointed out in *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), the trial judge must question the accused "about what he did or did not do" and "what he intended."

*United States v. Craney, supra* at 143.

Here, the military judge did not specifically address the question of appellant's intent. In *United States v. McCarthy*, 11 U.S.C.M.A. 758, 29 C.M.R. 574 (1960), the Court observed that "[t]here must be some action [by an] aider and abettor which encourages or assists the ... perpetrators, and there must be a showing" that a commonality of purpose exists between a principal and an aider and abettor; a person's "mere presence at the scene of the crime" is not sufficient, alone, to establish guilt. *Id.* at 761, 29 C.M.R. at 577. *See United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319

(1955); para. 156, Manual for Courts-Martial, United States, 1969 (Revised Edition). Thus, the Court held in *McCarthy* that the evidence was insufficient to sustain the conviction of an officer who had failed to stop some enlisted men from stealing hubcaps. While the Government argued that the officer had a duty to stop such conduct by his subordinates, the Court held that the officer's mere failure to affirmatively intervene did not raise an inference that he shared the purpose of the perpetrators of the crime. However, the Court distinguished *McCarthy* in *United States v. Ford*, 12 U.S.C.M.A. 31, 30 C.M.R. 31 (1960), and affirmed the conviction of a patrol guard who failed to report that he had seen a warehouse with a broken door, as he was required to do, and then guided other individuals to the warehouse, where they stole some government typewriters. He was also present when a division of the property was discussed, but did not share in the fruits of the crime.

Although appellant initially tried to discourage his friends from committing the act when the matter was originally discussed, he allowed his comrades to enter the motor pool for the purpose of removing government property. He affirmatively acted to preclude their detection by giving a military policeman an innocent explanation for the presence of their vehicle in the area when the policeman questioned him about it. When his companions expressed some fear about being discovered, he discussed with them the manner in which the breakin would be reported.

We have no doubt that appellant's factual account of the incident established his role as at least an aider and abettor. He did more than merely fail to act when he had a duty to do so and *United States v. McCarthy, supra*, and *United States v. Schreiber*, 5 U.S.C.M.A. 602, 18 C.M.R. 226 (1955), are clearly distinguishable. He submits, however, that the military judge's failure to specifically inquire about his intent requires reversal. We disagree. We have always rejected such a structured, formulistic interpretation of *United States v. Care, su-*

*pra*. Rather, the Court has examined the entire inquiry to ascertain if the appellant was adequately advised. *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971); *United States v. Wimberly*, 20 U.S. C.M.A. 50, 42 C.M.R. 242 (1970). Here, the entire providency inquiry clearly supports the pleas of guilty, and the case is easily distinguishable from *United States v. Craney, supra*, where the Court observed that "as the record stands, the accused denied, rather than admitted, complicity in the offenses in issue." *Id*. at 143. It would have been eminently appropriate for the trial judge to have explicitly advised the accused that, to be an aider and abettor, he had to intend to aid the criminal venture of the principals. While no such express advice was provided, in light of the appellant's admissions of fact, the scope of the *Care* inquiry was not fatally deficient.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

I dissent. In this case there can be no doubt that one, the facts presented did establish the appellant's role as an aider and abettor and two, the military judge failed to correctly and adequately explain the law to him in the course of the providence inquiry. However, in the cases of *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971), and *United States v. Wimberly*, 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970), cited by the majority, the guilty plea inquiries reflect both the accuseds' guilt *and* proper explanation of the elements of the offenses. I am unable to overlook the present violation of the requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1979). As *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), plainly states: "a guilty plea . . . cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (Footnote omitted.)