## UNITED STATES

### v.

**Andrew A. DICKINSON, 489 74 5567, Aviation Structural Mechanic (H) Airman (E–3), U. S. Naval Reserve.**

### NMCM 81 0836.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 Sept. 1980.

Decided 30 Oct. 1981.

LCDR Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

KERCHEVAL, Judge:

Appellant, pursuant to his pleas, was convicted at a special court-martial, military judge alone, of nine specifications of violating Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, contrary to the provisions of Article 1151, *U. S. Navy Regulations (1973).* These specifications arose out of three different instances of possession, transfer, and sale of marijuana. Appellant was also found guilty at trial of possession, transfer, and sale of lysergic acid diethylamide (LSD) in violation of Article 92, UCMJ. The military judge sentenced appellant to confinement at hard labor for six months, forfeiture of $299 pay per month for six months, reduction to pay grade E–1, and a bad-conduct discharge. Pursuant to a pretrial agreement, the con-

vening authority approved the sentence adjudged; however, he suspended both confinement and forfeitures in excess of three months from the date of trial. The supervisory authority approved the sentence as partially suspended by the convening authority.

, Appellant summarily asserts seven assignments of error, all of which we find to be without merit. His first assignment, however, warrants discussion. In that assignment, appellant, citing *United States v. Craney*, 1 M.J. 142 (C.M.A.1975), contends that his pleas of guilty to specifications 1, 2, and 3 of the Charge were improvident because he did not profit monetarily from the transaction and the military judge failed to explain to him the law of principals.

■ Although Article 77, UCMJ, 10 U.S. C.A. § 877, defines both the perpetrator of the offense and the aider and abettor as principals, *see generally United States v. Wooten*, 1 U.S.C.M.A. 358, 3 C.M.R. 92 (1952), criminal responsibility of the aider and abettor may differ from that of the perpetrator if there is a difference between their respective purposes or intentions. Paragraph 156, *Manual for Courts-Martial, 1969 (Rev.); Craney; United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955). The military judge is therefore required "to inquire into the accused's understanding of the difference between a principal and his position as an aider and abettor and to determine that the actual extent of [the] accused's involvement made him responsible for the offenses charged" when an inconsistency arises between his guilty plea and statements made during the providence inquiry. *Craney* at 143. *See United States v. Bargeron*, No. 79 0148 (N.C.M.R. 30 July 1979).

■ Appellant's contention fails, however, for the record of trial clearly reflects that he was the perpetrator of the offenses and not merely an aider and abettor. The specifications charged appellant with the possession, transfer, and sale of marijuana on 21 February 1980. During the providence inquiry, appellant acknowledged that he negotiated and carried out the drug transaction as charged, but further stated that the money he received from the sale was turned over to a third party, his only reason for entering into the transaction being to secure a future source of drugs from that third party. The statements of appellant are in no way inconsistent with his pleas for they fully support the charges of possession, transfer, and sale of marijuana. It is irrelevant that he received no monetary benefit, in view of the fact that he expected to derive other benefits from the transaction. Thus, there was no reason for the military judge to explain the law of principals in "a case in which the facts admitted by the accused clearly establish the extent of his involvement and responsibility for the offenses." *United States v. Ridgley*, No. 79 1336 (N.C.M.R. 19 June 1980).

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge ABERNATHY concur.