**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Martin J. RADZEWICZ, SSN 162–54–9329, United States Army, Appellant.**

**CM 442799.**

U.S. Army Court of Military Review.

29 July 1983.

---

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Robert W. Wiechering, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

O'DONNELL, Senior Judge:

The appellant was convicted of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922 (1976). His sentence as approved by the convening authority provides for a dishonorable discharge, confinement at hard labor for thirteen months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.

The appellant was prosecuted on the theory that he aided and abetted one Jeff Savage in the commission of the robbery. The specification, in accordance with the usual practice, alleged that the appellant committed the robbery. A stipulation of fact introduced during the providence inquiry established that Savage perpetrated the robbery, but it omitted any reference to the appellant except to note that he was present at the scene and later shared in the proceeds. The appellant at trial admitted that he understood all of the elements of

the offense as explained by the military judge and that they correctly described what he did. The difficulty with this is that the judge did not explain the concept of criminal responsibility as an aider and abettor. He merely ascertained that the defense counsel had explained the concept to the appellant.

In *United States v. Craney,* 1 M.J. 142 (C.M.A.1975), a case involving prosecution on a theory of aiding and abetting, the Court of Military Appeals held that the trial judge should have inquired "into the accused's understanding of the difference between a principal and his position as an aider and abettor and to determine that the actual extent of accused's involvement made him responsible for the offenses charged." *Id.* at 143. In so holding, the Court attached significance to the fact that the accused to a certain extent denied complicity in the crime.

The government relies on *United States v. Crouch,* 11 M.J. 128 (C.M.A.1981). In that case, the judge, during the providence inquiry, did not advise the accused completely as to the aiding and abetting theory in that he did not address the question of the accused's intent. The Court, distinguishing *Craney,* held that the omission was not fatal as the accused's account of his involvement established his guilt as an aider and abettor. Unlike *Craney,* the accused in *Crouch* did not deny his complicity.

The instant case is closer to *Craney* than to *Crouch.* The appellant's rendition of his involvement does not clearly establish that he was an aider and abettor. His only direct statement tending to establish his complicity was to the effect that during the incident he asked the victim, "Where's your money at." Also, in response to the query by the judge, "So you were an active participant in this little exercise correct?", the appellant answered, "Yes, sir." This exchange, however, was in the context of the appellant's having received a portion of the proceeds from the robbery. On the other hand, the appellant stated during the providence inquiry that he did not know that Savage intended to rob the victim until it actually occurred and that Savage did "all the pounding and all the talking."

Under the circumstances, the military judge should have explained in detail to the appellant the law of aiding and abetting to insure that the appellant understood that he must share the intent of the active perpetrator. His failure to do so requires reversal. *United States v. Craney, supra.*

The findings of guilty and the sentence are set aside. A rehearing may be held by the same or a different convening authority.

Judge FOREMAN concurs.

WERNER, Judge, dissenting:

I disagree with the majority's conclusion that appellant's responses during the plea inquiry were insufficient to establish his complicity as an aider and abettor. Not only did appellant state that he was an active and willing participant in the robbery, he also admitted facts which amply supported that statement. Furthermore, he indicated he understood the meaning of the term "principal" after having discussed it with his defense counsel. I am satisfied that the criteria set forth in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and its progeny were met and see no need for the trial judge to have made further inquiry into appellant's understanding of the law of principals. I would affirm the findings of guilty and the sentence.