UNITED STATES, Appellee,

v.

Staff Sergeant Donald L. MINTER, SSN 511–60–1925, United States Army, Appellant.

CM 444218.

U.S. Army Court of Military Review.

17 Oct. 1983.

Major Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Audrey H. Liebross, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas J. LeClair, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BA-DAMI, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Judge:

In accordance with his pleas, appellant was convicted of eight specifications of larceny and one specification of desertion, in violation of Articles 121 and 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921 and 885 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three years, total forfeitures, and reduction to Private E–1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, total forfeitures, and reduction to Private E–1.

Appellant now asserts that his pleas to Specifications 1 through 4 of Charge I (larceny), and Specifications 1 through 4 of Additional Charge I (larceny), are improvident because the military judge in going through the providence inquiry failed to inquire whether the appellant intended to permanently deprive the United States of the money involved.

We disagree. The offenses charged were eight specifications of larceny from the United States of currency in various amounts. The word "steal" was used in describing the larceny. The Manual for Courts-Martial, United States, 1969 (Revised edition), at paragraph 200a(6), states:

"The offense of larceny requires that the taking, obtaining, or withholding by the thief be accompanied by an intent permanently to deprive or *defraud* another of the use and benefit of property or permanently to appropriate the property to his own use or the use of any person other than the owner. These intents are collectively called an intent to steal. (Emphasis added.) *See also* Article 121, UCMJ.

While the military judge correctly enumerated for the accused the elements of the offense of larceny tailored to the specifications, he did not use the words "intend to permanently deprive." Instead, he used the words "intend to permanently defraud." However, his use of the word *defraud* is specified in the disjunctive, in paragraph 200a(6) of the Manual for Courts-Martial quoted above, and Article 121, UCMJ, and properly describes the offense of larceny. The military judge then in his providence inquiry went on to ask the appellant the following questions: "And you intended to permanently appropriate this property for your own use?" "You intended to keep the $680.00 for your own purposes?" "Didn't intend to give it back to the government?", to all of which the appellant answered in the affirmative. Furthermore, the military judge asked, "It was your intent to steal this money. Is that correct?" to which the appellant replied, "Yes, it was, sir." And then the military judge asked, "And did you intend to permanently defraud the United States Government of the use and benefit of this property?" To which the appellant replied in the affirmative. At this point the military judge had elicited sufficient information from the appellant to determine the providency of his plea to this particular element of the offense. Absent other evidence to the contrary, appellant's plea at this point was provident.

The military judge failed, however, to go into the same identical detail in his providence inquiry for all eight specifications of larceny. In this regard, a structured, formulistic approach is not required. *United States v. Crouch,* 11 M.J. 128, 129

(C.M.A.1981). Rather, the entire record should be examined to determine if the appellant was adequately advised. Here the record shows that not only was there a detailed stipulation of fact setting forth the factual basis for each and every element of the offense, but appellant in his own words described how the offense occurred and his intent to "permanently appropriate the property to his own use," and to "permanently defraud the United States Government" of the use and benefit of the property. In the absence of evidence showing the appellant misunderstands what he is pleading guilty to, a continued litany of the providency of the plea to eight identical offenses is superfluous. Under these circumstances, the military judge's providency inquiry was adequate.

We have examined appellant's other assigned error and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge BADAMI concur.