UNITED STATES

v.

Senior Airman Della J. CROSBY, FR 493–78–5658 United States Air Force.

ACM S27037.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 March 1986.

Decided 9 July 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before SESSOMS, LEWIS and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

The accused pleaded guilty and was convicted of eleven specifications of uttering worthless checks with the intent to defraud in violation of Article 123a, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 923a. Although the case was originally submitted for review on its merits, we specified issues relating to the providence of the pleas and the appropriate remedy in the event the pleas were found to be improvident. The government has conceded that the pleas were improvident, but urges us to affirm findings of guilty of lesser included offenses. We find the pleas were improvident, set aside all findings of guilty and the sentence, and return the case to the convening authority.

The crux of the offense of fraudulently uttering worthless checks is the offender's state of mind at the time the checks are uttered. The offender must intend to defraud the payee or recipient of the check regarding the worthlessness of the check. A person who negligently believes she is uttering a good check does not commit this offense even if there are insufficient funds in the account to pay the check. *United States v. Downard,* 6 U.S. C.M.A. 538, 20 C.M.R. 254 (1955).

Early in the plea inquiry, the accused told the military judge she had difficulty remembering the time period when the checks were drawn, but she was satisfied that the prosecution had evidence that the checks would have overdrawn her account. *See United States v. Moglia,* 3 M.J. 216 (C.M.A.1977); *United States v. Luebs,* 20 U.S.C.M.A. 475, 43 C.M.R. 315 (1971). When the military judge inquired about the element requiring the intent to defraud, he asked whether the accused knew or *should have known* that her account would not have sufficient funds to pay the checks upon presentment. Regarding every specification she responded that she "should have known." This statement admits negligence, but fails to admit the necessary fraudulent intent.

 The stipulation of fact also suggests that the accused was reluctant or unable to admit the intent to defraud. Rather than stating that the checks were uttered with the intent to defraud, the stipulation merely states that the accused received notice that the checks had been returned without payment and failed to honor them within five days. Although evidence of notice and failure to redeem gives rise to a statutory rule by which the evidence is recognized as *prima facie* proof of knowledge and fraudulent intent, it does not provide the admission of fraudulent intent that is necessary for a plea of guilty in this case. *See* Manual for Courts Martial, 1984, Part IV, paragraph 49.c.(17); *United States v. Care,* 18 U.S.C.M.A. 541, 40 C.M.R. 247 (1969).

 We find the pleas were improvident. Article 45(a), U.C.M.J., 10 U.S.C. § 845(a); *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980); *Care, supra.* Although counsel for the government concede error, they argue that we can properly enter findings of guilty for violation of Article 134, U.C.M.J., 10 U.S.C. § 934, uttering worthless checks and dishonorably failing to maintain sufficient funds for payment. We disagree.

Article 45(a) requires that a plea of not guilty be entered when an accused pleads improvidently. In this case the trial judge should have declined to accept the accused's pleas of guilty and advised her that he would enter pleas of not guilty unless she chose to offer pleas of guilty to the lesser included offenses. We question whether this court can or should remedy the trial court's error by affirming findings of guilty as to lesser included offenses and, thus, place the accused in a worse position than she should have been at trial. *But see United States v. Smith,* 14 M.J. 68, 71 (C.M.A.1982). On the record before us, however, this question need not be answered because the accused did not admit facts indicating that, when she uttered the checks, she did so in bad faith or with gross indifference as opposed to mere negligence. M.C.M., 1984, Part IV, paragraph 68.b., 68.c.; *See United States v. Harville,* 7 M.J. 895 (A.F.C.M.R.1979); *United States v. Kess,* 48 C.M.R. 106 (A.F.C.M.R. 1973). As a result, we cannot properly enter findings of guilty for violations of Article 134.

The findings of guilty of the Charge and all specifications and the sentence are set aside. The case is returned to the convening authority who may order a rehearing.

Senior Judge SESSOMS and Judge LEWIS concur.