UNITED STATES, Appellee,

v.

Sergeant (E5) Victor B. WRIGHT, 551–
47–7813, United States Army,
Appellant.

ACMR 8701880.

U.S. Army Court of Military Review.

11 Feb. 1988.

For Appellant: Lieutenant Colonel Joel
D. Miller, JAGC, Major Stewart C. Hudson,
JAGC, Captain Jeffrey J. Fleming, JAGC
(on brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Captain Carlton L. Jackson,
JAGC, Captain Jody M. Prescott, JAGC (on
brief).

Before ADAMKEWICZ,
LYMBURNER, and SMITH Appellate
Military Judges.

OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Consistent with his pleas, appellant was convicted of eleven specifications of wrongfully making and uttering checks with intent to defraud, in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a [hereinafter UCMJ], and was sentenced to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to the rank of Private E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for fifteen months, total forfeitures, and reduction to Private E–1. Before this court, appellant contends that his pleas were improvident.

Military law requires that a guilty plea inquiry

reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge ... has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge ... whether the acts or the omission of the

accused constitute the offense or offenses to which he is pleading guilty. *United States v. Care,* 40 C.M.R. 247, 253 (C.M.A.1969) (citation omitted). *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(c)-(e) [hereinafter M.C.M., 1984, and R.C.M., respectively].

Appellant asserts that the record fails to establish that he had the necessary knowledge and intent to defraud to support the requisite elements of the worthless check offenses and that the stipulation of fact also fails to contain the necessary factual basis. He argues that the military judge failed to establish the factual predicate for these elements and that the stipulation of fact infers intent only from the statutory rule of evidence that failure to pay within five days after receiving notice of dishonor constitutes prima facie evidence of knowledge and wrongful intent. Art. 123a, UCMJ; *see also* M.C.M., 1984, Part IV, para. 49(c)(17). Appellant maintains, citing *United States v. Crosby,* 22 M.J. 854 (A.F. C.M.R.1986), that this inference in the stipulation is insufficient to support a guilty plea.

 We accept appellant's argument that "the mere recitation of a statutory rule of evidence in the stipulation of fact, does *not* provide the admission of fraudulent intent [and knowledge] that is necessary for a plea of guilty in this case." However, appellant's reliance on *Crosby* is misplaced. There is more here to support the guilty plea than the bare stipulation of fact. In this case, the military judge properly advised the accused of the elements of an Article 123a offense and explained that the government would have to prove all the elements for each of the specifications. The military judge told the accused that an " 'intent to defraud' means an intent to obtain something of value by a misrepresentation of a fact," and that, "in this case, the fact which the government would attempt to prove is that you misrepresented that these checks would be covered once they made it to the bank." Appellant indicated that he understood and that the elements were true with respect to each of the eleven specifications.

The military judge then conducted a factual inquiry, in which the appellant admitted that he knew when he wrote the first, second and last checks that he had no money at all in the account, and that, between writing the first check and writing the last check, the only money that went into his account was a paycheck which was insufficient to cover any of the checks he had written, a fact known to him.[1] Upon further questioning, the appellant also admitted to writing the other checks.

There is no implication in the inquiry or in the stipulation of fact that the appellant lacked the requisite intent and knowledge. Contrary to appellant's assertion, we find nothing suggestive of an inability on the appellant's part to admit an intent to defraud from the fact that the stipulation failed to deal directly with the element of fraudulent intent. In *Crosby, supra,* such a failure was coupled with the accused's limited admission that she "should have known" that her account would not have sufficient funds to pay the checks upon presentment. The Air Force court found that the guilty plea inquiry only established a negligent rather than a fraudulent failure to maintain sufficient funds.

While it would have been preferable for the military judge, when determining the factual accuracy of the plea, R.C.M. 910(c), to have obtained an explicit personal admission from the accused that the checks were negotiated with an intent to defraud and that the accused knew that his checks would be dishonored upon presentment at his bank, we find that the inquiry and the accused's own account of the offenses, taken as a whole, established a sufficient factual basis for the plea. Under these conditions, *United States v. Care, supra,* does not require "a structured, formulistic interpretation." *United States v. Crouch,* 11 M.J. 128, 129 (C.M.A.1981). The appellant was correctly and adequately advised of the law, the facts elicited by the military judge support the guilty pleas, and there is

---

1. His eleven bad checks came to a total amount of $3,658.00.

nothing inconsistent with those pleas in the record. Looking to the substantive content of the inquiry, we conclude that there has been no violation of the requirements of *United States v. Care, supra.* Accordingly, appellant's pleas were provident. *See United States v. Crouch, supra; United States v. Wimberly,* 42 C.M.R. 242 (C.M.A. 1970).

The findings of guilty and the sentence are affirmed.

Judge LYMBURNER and Judge SMITH concur.