UNITED STATES, Appellee,

v.

Staff Sergeant Larry D. COLLEY, 415–86–4793, United States Army, Appellant.

ACMR 8802770.

U.S. Army Court of Military Review.

29 Aug. 1989.

For Appellant: Colonel John T. Edwards, JAGC, Captain Wayne D. Lambert, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of sodomy with a child under the age of sixteen years, committing indecent acts upon a child under the age of sixteen years (two specifications), and taking indecent liberties with a child under the age of sixteen years (two specifications), violations of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. In accordance with a pretrial agreement, the convening authority approved a sentence which provided for a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E1, but suspended all the punishments, to include reduction below the grade of Sergeant E5, for two years with provision for automatic remission.

On appeal, the appellant alleges that his pleas of guilty to the two specifications alleging indecent acts with a child under the age of sixteen years, and the two specifications alleging indecent liberties with a child under the age of sixteen years were improvident because the providence inquiry failed to establish that appellant's conduct was indecent. Appellant further alleges that the offense alleging sodomy (Specification of Charge I), one of the offenses alleging indecent acts (Specification 1 of Charge II), and one of the offenses alleging indecent liberties (Specification 3 of Charge II), include periods of time barred by the statute of limitations, Article 43 of the Code. We find merit in appellant's second allegation of error as hereinafter set forth.

I

The thrust of appellant's first allegation of error is the military judge's failure to define the term "indecent" as it was used in informing the appellant of the elements of proof of committing indecent acts with a minor under the age of sixteen years and taking indecent liberties with a minor under the age of sixteen years. Counsel further alleges that there is no factual basis in the record that would indicate appellant understood the term "indecent."

A plea of guilty will not be accepted if the "accused ... sets up matter inconsistent with the plea, or if it appears that he entered the plea improvidently or through lack of understanding as to its meaning and effect." Article 45(a), UCMJ. In order to permit reviewing authorities to make this determination the United States Court of Military Appeals established the follow-

ing basic requirements to determine providence:

> [T]he record of trial must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or the president whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty.

*United States v. Care,* 40 C.M.R. 247, 253 (C.M.A.1969) (citations omitted).

■ In order to determine whether the requirements of *Care, supra,* have been met, the entire providency inquiry must be examined from its four corners. *See United States v. Crouch,* 11 M.J. 128, 130 (C.M.A.1981).

■ Turning to the case before us, the military judge correctly advised the appellant of the elements of each of the four offenses alleged in the Specifications of Charge II and specifically outlined the evidence required to prove each separate specification. In the third element of the offense of indecent acts with a child, he advised the accused that the acts must be determined to be "indecent." With regard to the two specifications alleging indecent liberties with a child under the age of sixteen years, he also advised the appellant the third element of those offenses required the act to also be indecent. In each specification he advised the appellant of the specific facts alleged to have constituted the indecent acts.

The military judge did not specifically define the term "indecent acts" as set forth in the Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984]. Paragraph 90(c) of the Manual defines "indecent" as "that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene and repugnant to

common propriety but tends to excite lust and deprave the morals with respect to sexual relations." [1] The military judge did, however, receive an affirmative response from the accused that he had committed the alleged acts.

The appellant stated that at various times during the period in question he had coerced his daughter into permitting him to touch her vagina both with his hands and to perform oral sex on her and ask her to do the same on him. In addition to admitting certain specific acts with regard to sodomy, he further stated that, although the sodomy was the worst of it, "it was mainly fondling or exposing myself to her while I masturbated." Appellant admitted he had performed each act alleged and further stated with regard to the offenses admitted at Fort Knox, Kentucky, that he had "fallen into the same pattern of petting, fondling, and oral stimulation of [his daughter] by myself." Furthermore, the military judge asked the appellant if he committed those acts during the date, time and place alleged separately in each specification and received an affirmative response. Finally, the appellant acknowledged that the acts were committed with intent to gratify his lust and sexual desires.

■ The acts acknowledged by the appellant were not legal conclusions but his admission that he had committed the unlawful acts alleged. The omission of a legal definition of the word "indecent" as used in the elements here was not fatal to this providency inquiry in our view. *See United States v. Minor,* 11 M.J. 608, 611 (A.C.M.R.), *petition denied,* 11 M.J. 417 (C.M.A.1981). The appellant described and admitted wrongful acts which constituted "indecent acts" within the military legal definition of that term. It should be noted that although we believe it would have been better practice for the military judge to have advised the appellant of that legal definition, the requirement is that the facts elicited show that the acts committed were indecent acts within the framework of that

---

1. The definition of indecent acts set forth above applies equally to indecent liberties with a mi-

nor child under the age of sixteen years. *See* paragraph 87(c)(3), M.C.M., 1984.

**522**

legal definition.[2]

Accordingly, we find no merit to this allegation.

## II

Appellant further alleges that he was improperly tried for acts charged in the Specification of Charge I (sodomy), Specification 1 of Charge II (indecent acts), and Specification 3 of Charge II (indecent liberties) because prosecution was barred by the statute of limitations that the military judge failed to secure an affirmative waiver of that defense before accepting appellant's pleas to those offenses.

Article 43(b)(1), UCMJ, provides in part:

Except as otherwise provided in this section, a person charged with an offense is not liable to be tried by courts-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary courts-martial over the command.

The foregoing statute is the product of an amendment to the statute effective 14 November 1986. Prior to that date the pertinent portions of the statute provided:

(b) Except as otherwise provided in this article, a person charged with desertion in time of peace or any offense punishable under sections 919–932 of this title [Articles 119–132, UCMJ] is not liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

(c) Except as otherwise provided in this article, a person charged with an offense is not liable to be tried by court-martial or punished under section 815 of this title [Article 15, UCMJ] if the offense was committed more than two years before

the receipt of sworn charges and specifications by an officer exercising summary courts-martial jurisdiction over the command or before imposition of punishment under section 815 of this title.

 Whenever it appears that prosecution for an offense is barred by the statute of limitations, the court must bring that fact to the attention of the accused. Furthermore, a waiver of the right to plead the statute of limitations in bar of trial will not be imposed when the record, as shown here, does not disclose that the appellant was aware of that right. *United States v. Salter*, 20 M.J. 116, 117 (C.M.A.1985) (citing *United States v. Rogers*, 24 C.M.R. 36 (C.M.A.1957)).

 In applying the statute of limitations, the term "year" as used in the statute refers to an ordinary calendar year of 365 days, or in a leap year, 366 days. *United States v. Tunnell*, 23 M.J. 110 (C.M.A.1986). In computing the period for application of the statute of limitations, the day upon which the sworn charges are received by the officer exercising summary court-martial jurisdiction is not to be counted as a day within the statutory period, although the date on which the offense is committed—if it can be ascertained—is an accountable day within the period. The charges and specifications in the case before us were received by the summary courts-martial convening authority on 17 August 1988. As 1988 was a leap year, it contained an extra day which must be included within the calculation.

Turning to the specifications in question here, the Specification of Charge I alleged that the appellant committed the offense of sodomy "at divers occasions between on or about 15 August 1985 and December 1986." As a specific date in the month of December 1986 was not alleged, we will construe the period alleged as terminating on 1 December 1986.

---

**2.** It must be recognized that many accused entering pleas before courts-martial will not necessarily have the mental acumen or agility to comprehend the many facets of legal definitions and terminology used in the elements of the various offenses. It is sufficient that those per-

sons understand the acts they committed constitute the elements of the offense alleged and the military judge, subject to review, must determine that the alleged crimes have in fact been committed.

It is readily apparent that any act of sodomy committed during the period 15 August 1985 to 13 November 1986 was subject to the statute of limitations then in effect which was three (3) years. Any act committed on 14 November 1986, and thereafter, was subject to the current five (5) year period of limitation.

Applying the three-year period of limitation from 17 August 1988, the date the charges and specifications were received by the summary court-martial convening authority, we find one day, 15 August 1985, was within the period of limitation barred by the statute. As the evidence adduced at the providency inquiry substantiated several acts of sodomy were committed during the period alleged and not barred by the statute of limitations, no substantial corrective action is required; however, we will correct specification to reflect conviction for a period not barred by the statute of limitation in our decretal paragraph.

Turning to Specification 1 of Charge II, appellant was charged with committing indecent acts "on divers occasions between on or about 15 August 1986 and December 1986." Again we will construe the allegation strictly against the drafter and construe the period alleged as terminating on 1 December 1986. It is again obvious that two periods of limitation are applicable here. The period 15 August 1986 to 13 November 1986 was subject to the two-year statute of limitation set forth in Article 43(c), UCMJ, and the period 14 November and thereafter was subject to the current five-year period of limitation. Applying the two-year period of limitation to the specification in question, our computation indicates only one day, 15 August 1986, is barred by the two-year statute of limitations. Like the specification above, the providence inquiry supports multiple acts by the accused during the period not barred by the statute of limitations. Consequently, correction of the error will only require a modification of the period the wrongful acts occurred in the specification.

In Specification 3 of Charge II, the appellant was charged with taking indecent lib-

erties with a child under the age of 16 years by masturbating before her "on divers occasions between on or about 15 August 1986 and December 1986." The foregoing discussion with regard to Specification 1 of Charge II is equally applicable here and requires no further discussion.

■ The court has thoroughly examined appellant's allegation that the sentence is inappropriately severe and finds it without any merit whatsoever. *See United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Only so much of the finding of guilty of Charge I and its specification is affirmed as finds that the appellant did at the place alleged in the specification, on divers occasions between on or about 16 August 1985 * and 1 December 1986, commit sodomy with the victim alleged, a child under the age of sixteen years, by placing his penis in her mouth.

Only so much of the finding of guilty of Specification 1 of Charge II is affirmed as finds that the appellant did, at the place alleged in the specification, on divers occasions between on or about 16 August 1986 * and 1 December 1986, commit indecent acts upon the body of the victim alleged, a female under the age of sixteen years of age, not the wife of the said appellant, by fondling her breasts, buttocks, rubbing her vagina, and placing his mouth upon her breasts, with intent to arouse the lust or sexual desires of the said appellant.

Only so much of the findings of guilty of Specification 3 of Charge II is affirmed as finds that the appellant did, at the place alleged in the specification, on divers occasions between on or about 16 August 1986 and 1 December 1986, take indecent liberties with the victim alleged, a female under sixteen years of age, not the wife of said appellant, by masturbating in her presence, with intent to arouse the lust or sexual desires of the said appellant.

The remaining findings of guilty are affirmed. Reassessing the sentence based

* Corrected

on the errors noted above and the entire record, the sentence is affirmed.

Judge FOREMAN and Judge WERNER concur.