UNITED STATES, Appellee,

v.

Specialist Michael A. BROWN, 195–58–3217, United States Army, Appellant.

ACMR 8901794.

U.S. Army Court of Military Review.

24 April 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain James K. Reed, JAGC (on brief).

Before MYERS, JOHNSON and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT

MYERS, Senior Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a special court-martial of one specification of absence without leave (Charge II) and one specification of each of possession of cocaine with intent to distribute and possession of marijuana (Charge I), in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1982 and Supp. IV, 1986) [hereinafter UCMJ] respectively. He was sentenced to a bad-conduct discharge, confinement for five months, and reduction to Private E1. Pursuant to a pretrial agreement, however, the convening authority reduced the confinement to four months but otherwise approved the sentence. On appeal appellant

asserts three assignments of error as discussed below.

## I

, Appellant first contends that his plea of guilty to absence without leave was improvident in that the military judge failed to secure from appellant a knowing and affirmative waiver of the statute of limitations. We agree.

Appellant was charged with absence without leave [AWOL] from the Personnel Control Facility, Fort Ord, California, from 4 October 1986 until 31 January 1989. Appellant pleaded guilty, however, to AWOL from Company B, 97th General Hospital, Frankfurt, Federal Republic of Germany, from 5 July 1986 until 31 January 1989. Prior to the military judge's explanation of the elements of the offense, the trial defense counsel requested a recess to check on a "possible jurisdictional problem that we just noticed" (R. 16). When the court reconvened, the assistant defense counsel stated:

> Your Honor, during the recess the defense investigated a potential statute of limitations bar and has been satisfied that the statute of limitations was adequately tolled and is not a bar to prosecution and does not in any way affect the willingness of the defense to proceed as we have been with the pleas.

(R. 17). Thereafter, the providence inquiry as to this charge consisted of the following:

MJ: All right, what happened then around the 1st of July 86 as concerns yourself and the [AWOL] charge?

ACC: (Pause.)

MJ: Were you assigned to B Company, 97th General Hospital?

ACC: Yes, I was, Your Honor.

MJ: In July of 86?

ACC: Yes, Your Honor.

MJ: All right, what happened along about the 5th of July of that year then, of 86?

ACC: I was off duty that day and I was scheduled to return to duty on the 5th and I departed Frankfurt International Airport on the 4th of July without authorization.

MJ: All right, you had no authority then to be gone? No leave or pass?

ACC: That's correct, Your Honor.

MJ: And did you remain away until about the 31st of January 89?

ACC: I did, Your Honor.

(R. 21).

■ Under the terms of Article 43, UCMJ, 10 U.S.C. § 843, in effect at the time of the inception of the charged AWOL, be it 5 July 1986 or 4 October 1986, the statute of limitations was two years for the offense of AWOL. Article 43 was amended, however, by the National Defense Authorization Act For Fiscal Year 1987, Pub.L. No. 99–661 §§ 805(a) and 805(b), 100 Stat. 3816, 3908 (1986), to extend the statute of limitations applicable to AWOL to five years, effective 14 November 1986. Thus, both the date charged (4 October 1986) and the date to which appellant pleaded guilty (5 July 1986) fall outside the statute of limitations. Inasmuch as AWOL is not a continuing offense but, rather, is committed on the date of inception, *United States v. Tunnell*, 23 M.J. 110 (C.M.A.1986); *United States v. Salter*, 20 M.J. 116 (C.M.A.1985), the charged AWOL was clearly barred by the statute of limitations.

■ The Government contends that appellant waived the defense of the statute of limitations by his counsel's announcement that the statute had been tolled and was therefore not applicable. Although counsel did not explain how he came to that conclusion, he was in error. The allied papers contain a Charge Sheet, DD Form 458, properly prepared, sworn to, and received at the headquarters of the Commander, 97th General Hospital, APO New York 09757, a summary court-martial convening authority, on 10 July 1986, charging appellant with absenting himself without authority on 5 July 1986 but showing no return date. No referral action is shown on this form. Next under that is another Charge Sheet, properly prepared and sworn to on 22 July 1987, and received at Headquarters Command, 7th Infantry Division and Fort Ord, Fort Ord, California, on 24 July 1987.

This document charges appellant with absenting himself from the Personnel Control Facility, Fort Ord, California, on or about 4 October 1986, again showing no termination date. No mention was made of the 10 July 1986 Charge Sheet from Germany and, as before, no referral action was shown thereon. Finally, the charges on which appellant was arraigned were subscribed and sworn to on 22 May 1989 and received by the Commander, Headquarters Command,[1] a summary court-martial convening authority, on 23 May 1989. This final charge sheet made no mention of the previous two charge sheets nor did it purport in any way to be an amendment to either of them. It was obviously meant to be and was in fact a new set of charges. Accordingly, the statute of limitations was not tolled by either of the two prior charge sheets where the current one is a newly prepared set of charges and not an amendment to the previous ones. *United States v. Arsneault,* 6 M.J. 182 (C.M.A.1979); *United States v. Rodgers,* 24 C.M.R. 36 (C.M.A.1957).

■ Having established that the statute of limitations was a viable defense to the AWOL charge herein, was the defense waived by the erroneous conclusion of defense counsel that it was tolled? The military judge, relying on counsel's assertion that the statute did not apply, did not discuss the issue with the appellant.

> For there to be [a waiver of the statute of limitations], the record must disclose that—by reason of advice from the military judge or otherwise—the accused was aware of his right to assert the statute of limitations and nonetheless chose to plead guilty.

*Tunnell,* 23 M.J. at 111 (citations omitted); *see Salter,* 20 M.J. at 116. In *United States v. Colley,* 29 M.J. 519 (A.C.M.R. 1989), this court held:

> Whenever it appears that prosecution for an offense is barred by the statute of limitations, the court must bring that

---

**1.** Headquarters Command was not further identified on the charge sheet, but inasmuch as the Commander, U.S. Army Training Center and Fort Dix, Fort Dix, New Jersey (USATC & FD)

---

fact to the attention of the accused. Furthermore, a waiver of the right to plead the statute of limitations in bar of trial will not be imposed when the record, as shown here, does not disclose that the appellant was aware of that right.

*Id.* at 522 (citations omitted).

It is clear, therefore, that to waive the defense of the statute of limitations, the appellant must be personally aware of that right and must knowingly and affirmatively waive it on the record. Here, the erroneous conclusion of trial defense counsel would establish just the opposite: that appellant did not know that the defense was available to him. That being the case and not having been correctly advised by the military judge or anyone else, he could not have knowingly waived the defense. We hold, therefore, that prosecution of the AWOL charge herein was barred by the statute of limitations, that said defense was not waived by the appellant, and that appellant's plea of guilty thereto was improvident.

## II

■ Appellant next contends that his plea of guilty to possession of cocaine with intent to distribute, Specification 1, Charge I, was improvident because the military judge failed to establish factually on the record appellant's intent to distribute.

In his introductory remarks on the providence inquiry, the military judge explained to appellant what is meant by elements of the offense and stated: "As I state each of these elements you ought to ask yourself whether it's true and whether you care to admit that it is true" (R. 17). Thereafter, with regard to the cocaine offense, the military judge advised appellant: "That the possession by you was with the intent to distribute the cocaine" (R. 18). Following a recitation of the elements of all charged offenses, the military judge addressed appellant:

> referred the case to trial, it is assumed that Headquarters Command is a subordinate command of USATC & FD.

MJ: Do you understand each of the elements as I've set them out for you?

ACC: Yes, I do, Your Honor.

MJ: Do you understand that your plea of guilty would admit that each of these elements accurately describes what you did on the days in question?

ACC: Yes, Your Honor.

MJ: And do you believe and admit that taken together these elements do correctly describe what you did?

ACC: Yes, Your Honor.

\*   \*   \*   \*   \*   \*

MJ: I would like for you, Specialist Brown, now to tell me a little bit about what occurred as concerns yourself and the charges and specifications. Let's look first at Charge I. In June of 1986 were you in Germany at that time?

ACC: Yes, I was, Your Honor.

MJ: And did there come a time when you were at the Frankfurt International Airport in June of 86?

ACC: Yes, Your Honor.

MJ: All right, why don't you tell me what happened with respect to yourself and the incidents that are set out here in Specifications 1 and 2.

ACC: Okay. Your Honor, on that date I was at the International Airport in Frankfurt and I attempted to pass through customs with the drugs concealed and upon a strip-search they were found.

MJ: All right, and what was found?

ACC: Cocaine and marijuana.

MJ: And was it in the approximate amounts that are set out here in the specification; that is, about 9 grams of cocaine and about 11 grams, more or less, of marijuana?

ACC: Yes, sir, approximately those.

MJ: And are you satisfied that the substances that were found were in fact cocaine and marijuana?

ACC: Yes, I am, Your Honor.

MJ: And are you also satisfied in your own mind that you had no legal excuse or justification for the possession of either one of those substances?

ACC: None whatsoever, Your Honor. (R. 19–21).

A stipulation of fact, admitted as Prosecution Exhibit 1, provides in pertinent part:

On 20 June 1986, in the vicinity of Inbound Customs, Checkpoint B, Frankfurt International Airport, Frankfurt, Federal Republic of Germany, the accused wrongfully possessed 9.042 grams, more or less, of cocaine with the intent to distribute the said controlled substance. The accused also wrongfully possessed 11.34 grams, more or less, of marijuana, a controlled substance.

During the providence inquiry, the military judge addressed the appellant regarding the stipulation:

MJ: And did you read this [stipulation of fact] before you signed it?

ACC: Yes, I did, Your Honor.

MJ: Did you understand it at the time that you signed it?

ACC: Yes, Your Honor.

MJ: Is everything in there the truth so far as you know?

ACC: Yes, Your Honor.

(R. 14). After further discussion with appellant as to the effect of the stipulation of fact, the military judge again inquired of appellant as to the veracity of the information contained therein:

MJ: ... It's very important ... that you let me know now if there's anything in this stipulation of fact that you disagree with or feel is untrue. Is there anything in there like that?

ACC: No, Your Honor.

(R. 16).

Although the military judge did not elicit from the mouth of the appellant the specific magic words that appellant intended to distribute the cocaine that he possessed, appellant was clearly advised of each of the elements of the offense, he admitted that those elements accurately described what he did, he acknowledged that everything in the stipulation of fact was true, and candidly admitted that he possessed the cocaine and the marijuana in the amounts alleged. We hold, therefore, that the appellant's plea of guilty to possession with intent to

distribute was provident and that all elements of said offense were sufficiently addressed by the military judge during the providence inquiry. *United States v. Wimberly,* 42 C.M.R. 242 (C.M.A.1970); *United States v. Wright,* 25 M.J. 827 (A.C.M.R.). *pet. denied,* 26 M.J. 316 (C.M.A.1988); *see also United States v. Crouch,* 11 M.J. 128 (C.M.A.1982); *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980).

### III

Appellant lastly contends that his pleas of guilty to all charges and specifications were improvident in that the providence inquiry failed to meet the requirements of Article 45, UCMJ, 10 U.S.C. § 845, and *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969). We disagree and hold that, since the discussion and authorities cited in Section II above also apply to this issue, the providence inquiry conducted herein by the military judge sufficiently met the minimum standards of *Care.*

The findings of guilty of the Specification of Charge II and Charge II, the AWOL charge barred by the statute of limitations, are set aside and ordered dismissed. The remaining findings of guilty, that is, of Specifications 1 and 2 of Charge I, are affirmed. Reassessing the sentence in light of our disapproval of Charge II, we hold that the sentence, as approved by the convening authority, is appropriate and the same is hereby affirmed. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Judge JOHNSON and Judge NEURAUTER concur.