**UNITED STATES, Appellee,**

v.

**Private E1 Eugene J. FAHEY, Jr., 193–64–7190, United States Army, Appellant.**

**ACMR 9001707.**

U.S. Army Court of Military Review.

21 Nov. 1991.

For Appellant: David R. Dowell, Esquire (argued), Captain Brian D. Bailey, JAGC, Captain Lauren B. Leeker, JAGC, Captain Mark L. Toole (on brief).

For Appellee: Captain Timothy W. Lucas, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## MEMORANDUM OPINION ON RECONSIDERATION

WERNER, Judge:

On 16 March and 3 April 1990, the appellant was tried before a military judge sitting as a general court-martial. In accordance with his pleas, he was convicted of wrongful distribution of lysergic acid diethylamide (LSD) on 28 September 1989, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. V 1987) [hereinafter UCMJ]. His approved sentence provided for a bad-conduct discharge, confinement for seven years, with that portion in excess of four years suspended for four years, and total forfeiture of all pay and allowances. On 24 July 1991, this court affirmed the findings of guilty and the sentence. *United States v. Fahey*, ACMR 9001707 (A.C.M.R. 24 Jul. 1991) (unpub.). On 29 July 1991, the appellant filed a "Motion for Reconsideration and Oral Argument," which was granted by the court on 30 July 1991. On 6 November 1991, the court issued an order that the 24 July 1991 decision of this court was vacated.

On 19 December 1989, the appellant was convicted in an unrelated matter of conspiracy to commit larceny and larceny of a compact disc player, in violation of Articles 81 and 121, UCMJ, 10 U.S.C. §§ 881 and 921 (1982), respectively. The appellant was sentenced to confinement for two months, forfeiture of $200.00 per month for two months, and a reduction in grade to E1. In this appeal from his conviction of the drug offense, the appellant now contends that he was denied due process by the failure of the convening authority to refer the drug and larceny charges to a single court-martial. He also maintains that the military judge erred in accepting as provident his plea of guilty to the drug charge. We disagree with both contentions.

I.

Initially, we observe that the appellant failed to raise the matter of joinder of charges by appropriate motion prior to entering his pleas. Normally, such failure by a party to raise defenses or objections which must be made before pleas are entered under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 905(b) [hereinafter R.C.M.], or others which must be made before the court-martial is finally adjourned, constitutes waiver. *United States v. Poole*, 24 M.J. 539 (A.C.M.R.1987), *aff'd*, 26 M.J. 272 (C.M.A.1988); *United States v. Shoup*, 31 M.J. 819 (A.F.C.M.R.1990); R.C.M. 905(e). We recognize that a failure to raise an issue per R.C.M. 905(b) may not constitute

waiver if there is plain error. *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A.1991); *United States v. Button*, 31 M.J. 897, 899 (A.F.C.M.R.1990). However, in the instant case, we find no plain error. Accordingly, we hold that since appellant did not raise the issue of joinder of charges at his trial, he has waived his right to have that issue heard on appeal.

■ Notwithstanding the foregoing, we also find that the convening authority acted properly in not trying the drug and larceny charges together. The appellant maintains that under R.C.M. 601, all known charges against an accused should be tried at the same time. He asserts that the larceny trial should have been delayed because, although no charges had yet been preferred for the drug offense, the court was made aware of the investigation during the course of the trial for the larceny offense. He maintains that because the two offenses were not tried together, he has been unfairly burdened with two convictions on his record instead of one. We disagree.

■ The decision to consolidate charges is a procedural matter within the discretion of the convening authority. Military practice has traditionally favored joinder of all known charges. *See United States v. Alexander*, 29 M.J. 877 (A.F.C.M.R.1989) (outlining history of joinder of charges in military practice). This "preference" for consolidation of charges continues to the present. *See United States v. Haye*, 29 M.J. 213 (C.M.A.1989); *United States v. Silvis*, 31 M.J. 707 (N.M.C.M.R.1990). Rules for Courts–Martial 307(c)(4) states that "[c]harges and specifications alleging all known offenses by an accused may be preferred at the same time." It is not mandatory that all known charges be brought at one time. *United States v. Rascoe*, 31 M.J. 544, 563 n. 21 (N.M.C.M.R.1990); *Alexander*, 29 M.J. at 879; *United States v. Lilly*, 22 M.J. 620, 627 n. 3 (N.M.C.M.R.1986); R.C.M. 307(c)(4) analysis, app. 21, at A21–20. *See also* R.C.M. 601(e)(2). As there is no evidence of Government misconduct in referring the drug charge to trial separately, we hold

that the convening authority did not abuse his discretion.

## II.

■ As to the second assignment of error concerning the providence of the appellant's plea of guilty, the stipulation of fact and record of trial revealed that a friend had given the appellant the LSD and then introduced him to a potential customer who, as it turned out, was an undercover military policeman. The military judge briefly questioned the appellant and his defense counsel about the possibility of entrapment and their responses satisfied him that they did not wish to raise this as a defense. The appellant asserts that the military judge did not inquire far enough into the potential defense of entrapment and absent such inquiry, his plea was improvident.

During oral argument, counsel for the appellant urged that we hold the trial judge to a more strict and thorough inquiry into the possibility of the appellant's defense, similar to that done by this court in *United States v. Brown*, 30 M.J. 907 (A.C.M.R.1990). We decline to do so.

In *Brown*, the statute of limitations had run for an offense to which the accused pleaded guilty, thereby creating a bar to prosecution for that offense. The military judge, relying on the defense counsel's assertion that the statute did not apply, did not discuss the issue with the accused. This court held that "to waive the defense of the statute of limitations, the appellant must be personally aware of that right and must knowingly and affirmatively waive it on the record." *Id.* at 909. As Brown had not been properly advised by the military judge, the defense was not waived by the accused and his guilty plea was not provident.

■ The assertion of the statute of limitations in bar of prosecution is similar to asserting that a court-martial lacks jurisdiction over the offense since both involve statutory proscriptions to the trial itself. UCMJ, art. 43, 10 U.S.C. § 843; R.C.M. 907(b). While lack of jurisdiction is not waivable, the right to avail oneself of the

statute of limitations is waivable, albeit the waiver must be knowingly, voluntarily, and affirmatively entered. *United States v. Troxell*, 30 C.M.R. 6 (C.M.A.1960); *Brown*, 30 M.J. 907; *United States v. Colley*, 29 M.J. 519 (A.C.M.R.1989); R.C.M. 907(b)(2)(B). Moreover, there is an obligation on the military judge to address the issue and thoroughly discuss the ramifications thereof on the plea with the appellant and his counsel prior to accepting a plea of guilty to an offense subject to the statute. *Troxell*, 30 C.M.R. at 8; *Brown*, 30 M.J. at 907; *Colley*, 29 M.J. at 522. *See also*, R.C.M. 907(b)(2)(B).

▮ Unlike *Brown*, the case before us concerns the appellant's tactical decision not to invoke a special defense. The obligation to raise a special defense such as entrapment rests with the appellant. R.C.M. 916(a) and (g). Failure to raise the defense at trial results in waiver. R.C.M. 905(g). However, even if the accused and defense counsel have made a sound tactical decision that would be in the accused's best interest, a military judge may not allow a guilty plea to stand if, upon inquiry, he finds matters inconsistent with the plea. *United States v. Clark*, 28 M.J. 401, 406 (C.M.A.1989); UCMJ, art. 45. On the other hand, the mere tactical possibility of raising a defense does not of itself warrant rejection of an otherwise provident plea. *United States v. Logan*, 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973). Rather, there must be a substantial conflict with the plea. *United States v. Shults*, 7 M.J. 524 (A.C.M.R.1979).

We do not find the matters discussed between the military judge and the appellant to be inconsistent with the appellant's plea. The military judge fully inquired into the possibility of entrapment as a defense through direct questioning of the appellant and his counsel. They expressly declined to pursue the matter. Moreover, the evidence elicited during the plea inquiry clearly established that the appellant was predisposed to commit the offense. This is sufficient to establish the absence of an inconsistent pleading and that the plea was provident.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge GRAVELLE concur.